Jacob Karczewski, Esq. (SBN 268295)
Saima Ali, Esq. (SBN 324752)
**EMPLOYEE JUSTICE LEGAL GROUP, PC**
3055 Wilshire Boulevard, Suite 1120
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
Yasmeen A. Azizian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMEEN A. AZIZIAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SPEARMINT RHINO CONSULTING WORLDWIDE, INC., a Delaware corporation; INLAND RESTAURANT VENTURE I, LLC, a California corporation; THE OXNARD HOSPITALITY SERVICES, INC., a California corporation; MIDNIGHT SUN ENTERPRISES, INC., a California corporation; CITY OF INDUSTRY HOSPITALITY VENTURE, INC., a California corporation; FARMDALE HOSPITALITY SERVICES, INC., a California corporation; OLYMPIC AVENUE VENTURE, INC., a California corporation; RIALTO POCKETS, INCORPORATED, a California corporation; SANTA BARBARA HOSPITALITY SERVICES, INC., a California Corporation; SANTA MARIA RESTAURANT ENTERPRISES, INC., a California corporation; and THE SPEARMINT RHINO COMPANIES | Case No.:<br><br>**CLASS ACTION**<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR AND STANDARDS ACT, THE CALIFORNIA LABOR CODE, THE PRIVATE ATTORNEY GENERAL ACT OF 2004, AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.* |

-1-

WORLDWIDE, INC., a Nevada
corporation.

Defendants.

Plaintiff Yasmeen A. Azizian (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated individuals, complains and alleges as follows:

## INTRODUCTION

1. This is a class action against Spearmint Rhino Consulting Worldwide, Inc., Inland Restaurant Venture I, LLC, The Oxnard Hospitality Services, Inc., Midnight Sun Enterprises, Inc., City Of Industry Hospitality Venture, Inc., Farmdale Hospitality Services, Inc., Olympic Avenue Venture, Inc., Rialto Pockets, Incorporated, Santa Barbara Hospitality Services, Inc., Santa Maria Restaurant Enterprises, Inc., and The Spearmint Rhino Companies Worldwide, Inc. (collectively, "Defendants" or "Spearmint Rhino") for willfully misclassifying its exotic dancers, failing to pay the dancers minimum wage for all hours worked, and various other labor law violations under federal and California state law.

2. This action is brought under the Fair Labor Standards Act, §§ 251-262 (collectively, the "FLSA") to redress Defendants' long standing abuse of the federal minimum wage and overtime standards. Defendants' violation of the FLSA is clear – they do not pay their employees any wages.

3. Defendants also violated the California Business & Professions Code § 17200, *et seq.*, the California Labor Code §§ 200-2699.5,the California Wage Order No. 10-2001, and California's Private Attorney General Act of 2004 (PAGA) by (1) misclassifying their employees as "shareholders" or "members" of an LLC, (2) failing to pay their employees for all hours worked, (3) failing to pay their employees proper overtime compensation, (4) failing to provide meal and rest breaks, (5) failing to provide

accurate wage statements, (6) failing to pay former employees waiting time pay, (7) wage and tip theft, and (8) failing to provide employees with required information upon hiring.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. §216(b).

5.     This Court also has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367, as those claims are derived from a common nucleus of operative facts.

6.     This Court has personal jurisdiction over Defendants because Defendants do business in California and in this District, and because all of the acts complained of and giving rise to the claims alleged herein occurred in California and in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## PARTIES

8.     Plaintiff is and at all times relevant hereto was a resident of Los Angeles County, State of California.

9.     Plaintiff was employed as an exotic dancer by Defendants from May 2014 to March 1, 2019. She worked primarily at the Van Nuys and Oxnard clubs, but also occasionally worked at the Torrance location.

10.     Defendant Spearmint Rhino Consulting Worldwide, Inc. is a Delaware corporation doing business in California. Defendant The Spearmint Rhino Consulting Worldwide, Inc. may also be served through its service process agent, Joan Castillo at Tandem Way, Norco, California 92830. Defendant The Spearmint Rhino Companies Worldwide, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

11.     Defendant Inland Restaurant Venture I, LLC is a California corporation that does business as The Spearmint Rhino, located in Van Nuys, California. Defendant

-3-

COMPLAINT

Inland Restaurant Venture I, LLC may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Inland Restaurant Venture I, LLC has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

12.     Defendant The Oxnard Hospitality Services, Inc. is a California corporation that does business as The Spearmint Rhino, located in Oxnard, California. Defendant Oxnard Hospitality Services, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Oxnard Hospitality Services, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

13.     Defendant Midnight Sun Enterprises, Inc. is a California corporation that does business as The Spearmint Rhino, located in Torrance, California. Defendant Midnight Sun Enterprises, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Midnight Sun Enterprises, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

14.     Defendant Farmdale Hospitality Services, Inc. is a California corporation that does business as The Spearmint Rhino, located in North Hollywood, California. Defendant Farmdale Hospitality Services, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Farmdale Hospitality Services, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

15.     Defendant City of Industry Hospitality Venture, Inc. is a California corporation that does business as The Spearmint Rhino, located in City of Industry, California. Defendant City of Industry Hospitality Venture, Inc. may be served process

COMPLAINT

through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant City of Industry Hospitality Venture, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

16.    Defendant Olympic Avenue Venture, Inc. is a California corporation that does business as The Spearmint Rhino, located in Los Angeles, California. Defendant Olympic Avenue Venture, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Olympic Avenue Venture, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

17.    Defendant Rialto Pockets, Incorporated is a California corporation that does business as The Spearmint Rhino, located in Rialto, California. Defendant Rialto Pockets, Incorporated may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Rialto Pockets, Incorporated has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

18.    Defendant Santa Barbara Hospitality Services, Inc. is a California corporation that does business as The Spearmint Rhino, located in Santa Barbara, California. Defendant Santa Barbara Hospitality Services, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California 92830. At all relevant times to this lawsuit, Defendant Santa Barbara Hospitality Services, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

19.    Defendant Santa Maria Restaurant Enterprises, Inc. is a California corporation that does business as The Spearmint Rhino, located in Santa Maria, California. Defendant Santa Maria Restaurant Enterprises, Inc. may be served process through its registered agent Joann Castillo, at 1875 Tandem Way, Norco, California

-5-

COMPLAINT

92830. At all relevant times to this lawsuit, Defendant Santa Maria Restaurant Enterprises, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

20. Defendant The Spearmint Rhino Companies Worldwide, Inc. is a Nevada corporation doing business in California. Defendant The Spearmint Rhino Companies Worldwide, Inc. may also be served through its service process agent, Joan Castillo at Tandem Way, Norco, California 92830. Defendant The Spearmint Rhino Companies Worldwide, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

21. Plaintiff is informed and believes that Defendants have centralized operations functions including but not limited to payroll, human resources, legal and other functions resulting in top-down, uniform corporate policies regardless of the club at which dancers perform in California.

22. Plaintiff is informed and believes based thereupon alleges, that at all times relevant hereto, Defendants, each of them, were agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

23. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

24. Plaintiff is informed and believes and based thereupon alleges, that there exists such a unity of interest and ownership that the individuality and separateness of Defendants have ceased to exist.

COMPLAINT

25.     Plaintiff is informed and believes, and thereupon alleges, that despite the formation of purported corporate existence, Defendants are, in reality, one and the same, including but not limited to because:

a. Defendants are completely dominated and controlled by the same executive board that sets the policies and procedures that violate the laws set forth in this complaint, and who have hidden and currently hide behind purported corporate entities to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. Each Defendant derives actual and significant monetary benefits by and through each Defendant's unlawful conduct.

c. Plaintiff is informed and believes and thereupon alleges that the business affairs of Defendants at all times relevant were so mixed and intermingled that the same cannot reasonably be segregated and the same are inextricably intertwined.

## FACTUAL ALLEGATIONS

### A. Defendants' History of Misclassifying Exotic Dancer Employees

26.     Defendants have a uniform pattern and practice of misclassifying exotic dancers at all Spearmint Rhino locations in California, including but not limited to Van Nuys, Oxnard, and Torrance.

27.     Defendants first classified Plaintiff and the putative class as independent contractors instead of employees. As a result of this uniform misclassification, Plaintiff and the putative class were not paid any wages, including minimum wages, overtime, meal and rest break premiums, and they were not provided any wage statements.

28.     On July 13, 2009, a group of exotic dancers filed a wage and hour class action against Spearmint Rhino for wage violations as a result of being misclassified as

independent contractors under federal and state laws.[1] On November 7, 2012, in an order approving the class settlement, Chief Judge Virginia A. Philips ordered as follows:

> Within six months, the Clubs will no longer treat Dancers as independent contractors or lessees; instead the Clubs will treat Dancers "as either employees or owners (e.g. shareholder, limited partner, partner, member or other type of ownership stake)" of any Clubs in existence at the time of settlement. (Doc. No. 318-1 ¶ 4.2.) In California, Dancers will no longer be charged stage fees (i.e. fees a Dancer pays for the privilege of performing at a Club). (*Id.* ¶ 4.1.)

*Id.* at *1.

29.     After this order, Defendants ceased classifying Plaintiff and the putative class as independent contractors. Instead, they were classified as "members' of a newly formed limited liability company, such as Inland Restaurant Venture I, LLC.

30.     Defendants have a pattern and practice of misclassifying their workers. They willfully misclassified Plaintiff and the putative class in order to avoid liabilities stemming from their true status as the employer of Plaintiff and the putative class in California. Other than simply calling Plaintiff and the putative class "members" instead of "independent contractors," no other facet of the employment relationship between the putative class and the Defendants changed. Indeed, on information and belief, Defendants have since re-classified their exotic dancers in California as employees.

31.     While Defendants had Plaintiff and the putative classes execute an "operating agreement" to dance in its clubs, those agreements were nothing more than sham, illusory agreements.  Defendants failed to provide Plaintiff and the putative class with any power under the agreements in several ways.  It failed to follow the operating agreements by, among other things, hiring and firing Plaintiff and the putative class at its sole discretion in violation of the agreements. It left entire pages of its operating agreements blank leaving Plaintiff and the putative class to guess what terms ostensibly

---

[1] *Trauth v. Spearmint Rhino Companies Worldwide, Inc., et al.,* Civ. A. No. 5:09-cv-01316-VAP-DTB, in the Central District of California Eastern Division – Riverside, Before United States District Chief Judge Virginia A. Phillips.

controlled the working relationship. It failed to identify other members of the operating agreement or otherwise provide their contact information to members as would be required to either hold a meeting pursuant to the agreement or to vote to change terms of the agreement.

32.     Defendants' use of sham, illusory operating agreements deprived Plaintiff and the putative class of any actual ownership interest in the purportedly newly formed LLCs. In short, Plaintiff and the putative class members are not shareholders or owners of Spearmint Rhino clubs; they were employees within the meaning of California law.

## B. Defendants' Scheme Aims to Evade Compliance with Federal and State Law

33.     Defendant Spearmint Rhino Consulting Worldwide, Inc. owns and operates the chain of gentlemen's clubs in the United States, the United Kingdom, and Australia. According to information provided by Defendant Spearmint Rhino Consulting Worldwide, Inc. "[t]he company has locations in City of Industry, Los Angeles, Oxnard, Rialto, Santa Barbara, Santa Maria, Torrance, and Van Nuys, California…"[2] Thus despite the "personalized experience" and "local food and drink choices" offered at the varying clubs, each Defendant Entity is managed and operates under the same policies and procedures.[3]

34.     As a result of Defendants' sham arrangement of classifying employees as "members" of an LLC, Defendants failed to comply with any of the laws enacted to provide employees with minimum wages, overtime wages, breaks and other protections afforded under the California Labor Code and under California law more generally. Additionally, Defendants did not provide Plaintiff and the putative class with any fundamental entitlements guaranteed by state or federal law.

---

[2] "Spearmint Rhino Gentlemen's Clubs, Launches New Photo Gallery on Website," Cision PRNewswire, Oct. 25, 2017, https://www.prnewswire.com/news-releases/spearmint-rhino-gentlemens-clubs-launches-new-photo-gallery-feature-on-website-300542810.html.
[3] *Id.*

35.     In determining employee-employer status under the FLSA, courts apply the "economic reality" test: "[E]mployees are those who *as a matter of economic reality* are dependent upon the business to which they render service." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) (quoting *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947) [emphasis in original].

36.     In California, an employer is liable for violations of the labor code if the person "directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working condition of any person."  Cal. Code Regs., tit. 8, § 11100(2)(G). "To employ" means either: (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship. *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

37.     Plaintiff and the putative class remain not only economically dependent and under the complete control and direction of Defendants, but also are paid no wages in connection with that work. Plaintiff and the putative class members' economic status is inextricably linked to the working conditions over which Defendants have complete control over.

    a. The putative class members are completely dependent on Defendants for their income;

    b. Defendants control all advertising and promotion without which Plaintiff and putative class members cannot survive economically;

    c. Defendants control the atmosphere of the locations of each club;

    d. Defendants dictate the flow and volume of customers;

    e. Defendants set guidelines on how Plaintiff and the putative class members must conduct themselves, dress, and the themes of their performances;

    f. Defendants set the clubs' hours of operations;

g.  Defendants' set Plaintiff and the putative class members' show times, sequence of performance, and the minimum performance time, and if Plaintiff and the putative class members are late or miss their show time, they can be fined or reprimanded at Defendants' direction;

h.  Defendants set the minimum tip amount for customers; and

i.  Defendants required Plaintiff and the putative class to split tips with management, bartenders, djs and security guards.

38.  Plaintiff and the putative class have no authority to hire or fire employees of the clubs. However, their day-to-day activities are monitored and supervised by Spearmint Rhino's management. Defendants, however, have the absolute authority to hire or fire employees. Indeed, Defendant Inland Restaurant Venture I, LLC and Defendant Oxnard Hospitality Services, Inc. terminated Plaintiff's employment in March 2019.

39.  Plaintiff and the putative class members worked exclusively for Defendants while employed as an exotic dancer at a Spearmint Rhino club. Their employment was not for a set term, but rather would be on an ongoing basis.

40.  The totality of circumstances surrounding the relationship between Defendants and the putative class members establishes economic dependence by the putative class members on Defendants, and thus employee status under the "economic realities" test.

41.  Further, Defendants are employers under the applicable Wage Order as well, as they exercise control over the wages, hours and working conditions of Plaintiff and the putative class members.

42.  The California Supreme Court uses the "ABC" test to determine employer-employee status as opposed to an independent contractor relationship. *Dynamex Operations W. v. Sup. Ct.*, 4 Cal. 5th 903, 957 (2018). In California, a worker is presumed to be an employee, unless the hiring entity or employer can establish all three

-11-

of the factors of the "ABC" test: (A) the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract and in fact; (B) the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. *Id.*

43.   As stated fully above, Plaintiff and the putative class members perform work under the complete control and direction of Defendants. Defendants will be unable to establish that Plaintiff and the putative class members are anything other than employees, as they will not be able to establish prong A of the ABC test.

44.   Additionally, Defendants will be unable to establish prong B of the ABC test.  Defendants admit that they are in the business of providing "adult cabaret" as indicated on their S-I filing with the Secretary of State of California.[4] Plaintiff and the putative class members performed and perform within the usual course of a gentlemen's club business. Without their services, there would be no business or purpose of the clubs.

45.   It is apparent under both federal and California state law that Plaintiff and the putative class members have been consistently misclassified under Defendants' unlawful schemes. Plaintiff and the putative class members are employees of Defendants' clubs, and are entitled to the full protections afforded to employees under the law.

**C. Defendant's Policies and Practices Violates Federal and State Labor Laws**

46.   Plaintiff is informed and believes, and thereupon alleges, that all Spearmint Rhino locations had the same unlawful compensation scheme.

47.    Plaintiff and the putative class members were paid a percentage of the cash the customers paid for their services.  Plaintiff and the putative class members were also required to pay illegal stage fees to perform at the clubs despite being expressly banned from charging stage fees by Judge Phillips' order in *Trauth*.

---

[4] Defendant Inland Restaurant Venture I, LLC's S-I form, November 27, 2017: https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=02061318-23258395.

48.     Defendants uniformly failed to issue Plaintiff and the putative class members any wage statements in violation of California Labor Code § 226.

49.     Due to Defendants' uniform scheme to misclassify Plaintiff and the putative class members, Defendants failed to pay the minimum wage for all hours worked by Plaintiff and the putative class members in violation of California Labor Code §§ 204 and 1197.

50.     Further, Defendants' also failed to pay Plaintiff and the putative class members any overtime wages for hours worked in excess of eight hours a day or forty hours a week in violation of California Labor Code § 510.

51.     Defendants had an unlawful policy and practice of requiring Plaintiff and the putative class members to "tip out" or share their tips with other employees, such as managers, bartenders and security guards in violation of California Labor Code § 351.

52.     Defendants also violated California Labor Code § 243 by not providing any paid sick days to Plaintiff and the putative class members.

53.     In addition to failing to pay any wages, let alone the minimum wage, Defendants routinely denied meal and rest breaks required under California Labor Code §§ 226.7 and 512 due to Defendants' policy and practice of forcing Plaintiff and the putative class members to continue working. When Plaintiff and the putative class members did try to take a break in the backroom, they were told to get back to work.

54.     Defendants employed the unlawful policy and practice of requiring the putative class members to pay stage fees before being able to perform their duties. Defendants have failed to reimburse Plaintiff and the putative class members for this, and other, necessary business expenses in violation of California Labor Code § 2802.

55.     As a result of not paying Plaintiff and the putative class members for all hours worked and the meal and rest break penalties owed due to missed breaks, Plaintiff and the putative class are still owed wages and penalties. With respect to all former

-13-

employees, Defendants have failed to timely pay wages due to those putative class members in violation of the California Labor Code §§ 201 and 202.

## CLASS ACTION ALLEGATIONS

56. **Proposed Class**: Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all current and former exotic dancers that worked at Defendants' clubs in California between December 12, 2015 and through the date that class notice is mailed to the class (this time frame is hereinafter referred to as the  "class period").

57. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

58. **Numerosity and Ascertainability**: The potential number of putative class members as defined below is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of putative class members is estimated to be greater than fifty (100) individuals, the identity of and membership in the putative class can be readily ascertained from the employment records maintained by Defendants.

59. **Superiority**: the nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate under the circumstances presented in this lawsuit. By establishing a technique whereby the claims of many individuals' claims can be resolved at the same time, the class both eliminates the possibility of repetitious litigation and provides small value claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the

individual putative class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual putative class members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual putative class members were to litigate separately. Finally, class litigation will preserve valuable judicial resources by having all issues decided by one court in one venue.

60.   **Typicality**: the claims of Plaintiff are typical of the putative class because all members of the putative class sustained substantially identical injuries and the damages arising out of Defendants' polices, practices, and common course of conduct in violation of federal and California law and he injuries and damages of all putative class members were caused by Defendants' wrongful conduct in violation of federal and California law. There are no facts known to Plaintiff that would subject her to defense unique from those applicable to the putative class.

61.   **Adequacy**: Plaintiff is an adequate representative of the putative class she seeks to represent. She has agreed to fairly protect their interests of the putative class. She is aware of the duties required of her in acting as the class representative. She has no interests antagonistic to the putative class. Finally she has agreed to vigorously pursue this suit through her attorneys who are competent, skilled and experienced in class action litigation in state and federal courts in both California and the United States more broadly.

62.   **Predominate Questions of Law and/or Fact Include:**

a.   Whether Defendants misclassified Plaintiff and the putative class members;

b.   Whether Plaintiff and putative class members are employees of Defendants under the FLSA and California Labor Code;

c. Whether Defendants improper requirement that Plaintiff and the putative class members to "tip out" other non-dancer employees amounted to wage theft or a necessary business expense in violation of California's labor laws;

d. Whether splitting tips with management violated California Labor Code § 351;

e. Whether Defendants failed to pay Plaintiff and the putative class members any wages;

f. Whether Defendants failed to pay Plaintiff and the putative class members at least the minimum wage for all hours worked;

g. Whether Defendants failed to pay Plaintiff and the putative class members overtime wages for hours worked over eight hours a day or forty hours a week;

h. Whether Defendants failed to provide 30-minute uninterrupted meal breaks and/or ten-minute uninterrupted rest breaks to Plaintiff and the putative class members;

i. Whether Defendants failed to timely pay former employees for all hours and penalties due upon discharge or resignation;

j. Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and the putative class members;

k. Whether Defendants' actions constituted unfair competition or unlawful business practices under the California Business and Professions Code sections 17200, *et seq.*;

l. Whether Defendants are liable for the labor law violations alleged in this Complaint;

m. Whether Plaintiff and the putative class members are entitled to attorneys' fees;

n. Whether Plaintiff and the putative class members are entitled to prejudgment interest;

o. Whether Plaintiff and the putative class members are entitled to restitution, and

p. Whether Plaintiff and the putative class members are entitled to reimbursement for stage fees charged by Defendants.

## FIRST CAUSE OF ACTION
### 29 U.S.C. 201, *et seq.*
### Fair Labor Standards Act
#### *Against All Defendants*

63. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

64. During the class period, Defendants have and continue to be an employer engaged in interstate commerce and/or production of good for commerce, within the meaning of the FLSA.

65. During the class period, Defendants employed and continues to employ Plaintiff and the putative class members within the meaning of the FLSA.

66. During the class period, Defendants had a policy and practice of misclassifying exotic dancers, including Plaintiff and the putative class members as "members' of an LLC instead of as non-exempt employees.

67. During the class period, Defendants had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Plaintiff and the putative class members for hours worked.

68. As a result of Defendants' misclassification of Plaintiff and the putative class members and its attendant failure to record, report, credit and/or compensate the Plaintiffs and the putative class members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages,

hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a) which proximately and directly caused damage to Plaintiff and the putative class.

70.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the putative class members, are entitled to recover from Defendants their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION
### Cal. Lab. Code §204
### Failure to Compensate for All Hours Worked
### *Against All Defendants*

71.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

72.     California Labor Code § 204 provides that all wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as regular paydays."

73.     Plaintiff and the putative class were never compensated, let alone compensated on regular paydays during the class period.

74.     Defendants failed to compensate Plaintiff and the putative class for all hours worked at the proper rates of pay due to its unlawful misclassification of Plaintiff and putative class members as "members' of a LLC.

75.     In violation of California law, Defendants knowingly and willfully refused to perform its obligations in recording and paying for all working time performed by Plaintiff and the putative class such that Plaintiff and the putative classes were not compensated for all time worked. Defendants' act in so doing was willful, intentional,

deliberate, and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class.  The proximate and direct result of Defendants' illegal damaging conduct thereby entitles Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

76.     IWC Order 10-2001; Cal. Code of Regis. Tit. 8, § 11040(11)(a); *see also* 2002 DLSE Manual § 46.6.1, mandate that meal periods during which workers are not relieved of all duties count as hours worked in calculating time worked in a work day. The time Plaintiff and the putative class spent performing work function during meal periods should have been incorporated into hours worked by Plaintiff and the putative class, but Defendants knowingly, willingly, and intentionally refused to include that time in hours worked.

77.     As a proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial.

78.     Wherefore, Plaintiff and the putative class request as hereinafter provided.

### THIRD CAUSE OF ACTION
### Cal. Lab. Code §510
### Failure to Pay Overtime Wages
### *Against All Defendants*

79.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

80.     California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight

hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

81.   IWC Wage Order 1-2001(3)(A)(1) and 8 Cal. Code Regs. § 11040 provide as follows:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

82.   California Labor Code § 1194(a) provides as follows:
Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

83.   California Labor Code § 200 defines wages as to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

84.     IWC Order 10-2001; Cal. Code of Regs. Tit. 8, § 11040(11)(a); *see also* 2002 DLSE Manual § 46.6.1, mandate that meal periods during which workers are not relieved of all duties count as hours worked in calculating time worked in a work day. The time Plaintiff and the putative class spent performing work functions during meal periods should have been incorporated into hours worked by Plaintiff and the putative class but Defendants knowingly, willingly and intentionally refused to include that time in hours worked.

85.     Defendants' uniform policy and practice of filing to pay Plaintiff and the putative class the proper wages owed for all hours worked is unlawful.  As a result of this unlawful policy, Plaintiff and the putative class have worked overtime hours for Defendants without being paid overtime premiums in violation of California law.

86.     In violation of California law Defendants knowingly and willfully refused to perform its obligations in recording and paying Plaintiff and the putative class for overtime hours worked.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

87.     As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

88.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### Cal. Lab. Code §§ 226.7, 512
### Failure to Offer Legally Complaint Meal and Rest Periods
### *Against All Defendants*

89.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

90.     California Labor Code §§ 226.7 and 512 require Defendants to provide meal and rest breaks to Plaintiff and the putative class.  Under California law, unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.  Defendants' requirement that Plaintiff and the putative class perform work duties during their breaks denies them the opportunity of taking uninterrupted meal and rest breaks pursuant to California law.

91.     Furthermore, Plaintiff and the putative class were often prevented from taking their meal breaks before the end of the fifth hour of work and prevented from taking their rest breaks.

92.     Under Labor Code § 226.7(b)-(c), an employer who fails to provide required meal periods must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday in which a meal period was not provided.  Similarly, employers must pay employees for denying them the opportunity to take uninterrupted 10-minute rest breaks at the same rate – as compensation – as meal periods.

93.     In violation of California law, Defendants knowingly and willfully prevented Plaintiff and the putative class from having the opportunity to take uninterrupted meal and rest breaks.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

-22-

94.     As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

95.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Cal. Lab. Code §§ 201, 202, and 203**
**Failure to Timely Pay Wages Upon Termination**
*Against All Defendants*

96.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

97.     Defendants' failure to pay wages as alleged above was willful in that Defendants knew wages and penalties were due but failed to pay them in violation of California Labor Code §§ 201 and 202, thus triggering waiting time penalties pursuant to Labor Code § 203, which provides that employees wages shall continue as a penalty to the employer for a period of up to 30 days from the time they were due.

98.     Defendants have routinely, uniformly and deliberately failed to pay Plaintiff and the putative class a sum certain at their termination or within 72 hours of their resignation and have failed to pay those sums for thirty days thereafter.  As such Plaintiff and the putative class are entitled to penalties pursuant to Labor Code § 203.

99.     In violation of California law, Defendants knowingly and willfully refused to pay Plaintiff and the putative class all wages due at the end of their employment with Defendants and did so willfully, intentionally, deliberately and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

100.   As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

101.   Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
### Cal. Lab. Code §§ 226, 226.2, and 226.3
### Failure to Provide Accurate Itemized Wage Statements
### *Against All Defendants*

102.   Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

103.   At all relevant times, Plaintiff and the putative class were non-exempt employees covered by California Labor Code §§ 226 and 226.3.

104.   California Labor Code § 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in

Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

105.   Labor Code 226.2(a)(2) states in pertinent part:

The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) . . . the total hours of other nonproductive time . . . the rate of compensation, and the gross wages paid for that time during the pay period . . .

106.   Defendants knowingly and intentionally failed to issue any wage statements to the Plaintiff and the putative class violating every subsection of California Labor Code § 226(a).

107.   As a result of Defendants' failure to issue any wage statements, Plaintiff and the putative class were unable to promptly and easily determine from the wage statements alone the information required to be present by Labor Code § 226(a).

108.   Labor Code § 226(e) states:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

109.   Labor Code § 226.3 states:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties

provided for in this section are in addition to any other penalty provided by law.

110.   In violation of California law, Defendants knowingly and intentionally failed to issue Plaintiff and the putative class any wage statements in violation of California Labor Code § 226(a), triggering penalties under both sections 226(e) and 226.3. Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

111.   Plaintiff and the putative class also ask the Court for injunctive relief to end Defendants' illegal issuance of inaccurate wage statements pursuant to California Labor Code § 226(h).

112.   As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

113.   Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Cal. Lab. Code § 2810.5**
**Failure to Provide Employees with Required Information Upon Hiring**
***Against All Defendants***

114.   Plaintiff and putative class members re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

115.   California Labor Code § 2810.5 states in pertinent part:
(a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

(B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.

(C) The regular payday designated by the employer in accordance with the requirements of this code.

(D) The name of the employer, including any "doing business as" names used by the employer.

(E) The physical address of the employer's main office or principal place of business, and mailing address, if different.

(F) The telephone number of the employer.

(G) The name, address, and telephone number of the employer's workers' compensation insurance carrier.

(H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

116.   Defendants failed to provide Plaintiff and similarly aggrieved employees with any of the required information under Cal. Lab. Code § 2810.5(a)(1).

117.   As a proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

118.   Defendants' failure to comply with Labor Code § 2810.5 triggers penalties under California Labor Code § 2699(f).

**EIGHTH CAUSE OF ACTION**
**Cal. Lab. Code § 351**
**Conversion of Gratuities**
***Against All Defendants***

119.   Plaintiff and putative class members re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

120.   California Labor Code § 351 makes it unlawful for an employer or agent to "collect, take, or receive" any tips or take part of tips that an employee earns. Employers are also not allowed to deduct wages from an employee due to the tips they receive.

121.   Defendants have a policy and practice of requiring Plaintiff and the putative class members to split their tips with the managers and other employees of each club owned and operated by Defendants.

122.   Defendants require Plaintiff and the putative class members to split their tips with the djs, bartenders, and security guards at the clubs each night.

123.   Additionally, managers of the clubs take a share of the Plaintiff and the putative class members tips as well, in direct violation of the California Labor Code.

124.   As a proximate result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

125.   Defendants' failure to comply with Labor Code § 2810.5 triggers penalties under California Labor Code § 2699(f).

### NINTH CAUSE OF ACTION
### Cal. Lab. Code § 2802
### Failure to Reimburse Necessary Business Expenses

126.   Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

127.   California Labor Code § 2802 requires employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

128.   While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff and the putative class members incurred work-related expenses.

Specifically, Plaintiff and the putative class members were charged stage fees and other fees. Plaintiff and the putative class members incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

129.   Defendants have failed to indemnify or, in any manner, reimburse Plaintiff and the putative class members for these expenditures and losses.

130.   By misclassifying Plaintiff and the putative class members and requiring them to pay expenses incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated Cal. Lab. Code § 2802.

131.   As a direct and proximate result of Defendants' conduct, Plaintiff and the putative class members have suffered substantial losses according to proof, with interest thereupon as well as an award of attorneys' fees and costs set forth below.

132.   Defendants' failure to comply with Labor Code § 2802 triggers penalties under California Labor Code § 2699(f).

### TENTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200,** *et seq.*
***Against All Defendants***

133.   Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

134.   California Business and Professions Code §§ 17200, *et seq.*, (hereinafter referred at the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

135.   UCL section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

136.   California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers

who comply with the law from those who attempt to gain a competitive advantage at the expense of their employees by failing to comply with minimum labor standards.

137.   Beginning at some point before the start of the class period and continuing through it, Defendants committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including but not limited to:

    a.  Violations of California Labor Code § 204 pertaining to the payment of wages for all hours worked;

    b.  Violations of California Labor Code §§ 510 and 1194 pertaining to overtime pay;

    c.  Violations of California Labor Code §§ 226.7 and 512 pertaining to meal and rest breaks;

    d.  Violations of California Labor Code §§ 201-03 pertaining to failure to pay timely wages upon termination;

    e.  Violations of California Labor Code § 226 pertaining to the provision of itemized accurate wage statements; and

    f.  Violations of California Labor Code § 351 pertaining to wrongfully deducting tips from employees wages.

138.   The violations of these laws and regulations, as well as the fundamental California public policies protecting straight time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

139.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of the UCL. Among other things, the acts and practices have taken from Plaintiff and the putative class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over its law-abiding employer-competitors.

140.   UCL § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

141.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

142.   UCL § 17203 provides a court may restore to any person in interest money or property which may have been acquired by means of such unfair competition. Plaintiff and the putative class are entitled to restitution pursuant to UCL § 17203 for all wages and payments unlawfully withheld from the Class members during the four-year period prior to filing this Complaint.

143.   UCL § 17202 provides "notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and the putative class are entitled to all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

144.   Plaintiff's success in this action will enforce the important rights affecting the public interest, and in that regard Plaintiff sues on behalf of herself as well as others similarly situated and, accordingly, pursuant to the UCL, this Court should make such orders or judgments as may be necessary to prevent use or employment by Defendant of any unlawful or deceptive practices prohibited by the UCL, including but not limited to disgorgement of ill-gotten gains, which may be necessary to restore Plaintiff and the putative class the money Defendant has unlawfully failed to pay.

145.   Plaintiff herein takes it upon herself to enforce these lawful claims.  There is a financial burden involved in pursuing this action, an action seeking to vindicate a public right, and it would be against the interest of justice to penalize Plaintiff by forcing her

COMPLAINT

and/or her class to pay other parties' attorney fees from the recovery in this action pursuant to California's Code of Civil Procedure §1021.5 and otherwise.

Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## <u>ELEVENTH CAUSE OF ACTION</u>
### Violation of California Labor Code §§ 2699, *et seq.*
### Private Attorney General Act of 2004
### *Against All Defendants*

146.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

147.   PAGA permits an aggrieved employee to bring a lawsuit on behalf of herself and other current and former aggrieved employees to address an employer's violations of the California Labor Code.

148.   Plaintiff has exhausted her administrative remedies as specified in Labor Code § 2699.3 as to Defendants' violations described above.  On December 9, 2019, Plaintiff's counsel, Saima Ali served by certified mail a notice of the violations alleged in this complaint, in the manner required by Labor Code §2699.3.  A true and correct copy of the notice is attached hereto as Exhibit A.  As of the date of filing this Complaint, Plaintiff has not received notice from the LWDA that it was accepting Plaintiff's claim for investigation or prosecution.

149.   Defendants' policies and practices have resulted in violations of the California Labor Code for failing to pay their employees any wages, let alone the minimum wage, for all hours worked. This subjects Defendants to civil penalties under California Labor Code § 2699(f).

Count I - Misclassification

150.   Specifically, Defendants have violated the California Labor Code by willfully misclassifying its employees as "members" or "shareholders" of a limited liability company.

-32-

COMPLAINT

151.   Labor Code § 226.8(a)(1) makes it unlawful for an employer to willfully misclassify an individual as an independent contractor.  The purpose of this statute is to penalize employers who have knowingly participated or involved themselves in the willful misclassification of individuals through their acts or omissions.[5]

<u>Count II - Failure to Compensate for All Hours Worked</u>

152.   Defendants have a pattern and practice of failing to pay the California minimum wage for all hours Plaintiff and the putative class members worked at the various clubs in violation of Cal. Lab. Code § 204.

153.   Plaintiff reincorporates paragraphs 71-78 as if fully set forth herein.

<u>Count III - Failure to Pay Overtime Wages</u>

154.   Defendants have a pattern of practice of failing to pay any overtime wages for hours worked over eight hours in a day or forty hours in a week as required by the Cal. Lab. Code § 510, 1194 and the IWC Wage Order 1-2001.

155.   Defendants also violated IWC Wage Order 10-2001 by failing to calculate missed meal breaks as hours worked for purposes of overtime pay.

156.   Plaintiff reincorporates paragraphs 79-88 as if fully set forth herein.

<u>Count IV – Failure to Offer Meal or Rest Breaks</u>

157.   Defendants do not provide Plaintiff and the putative class members with any meal or rest breaks, let alone legally complaint breaks in violation of Cal. Lab. Code §§ 226.7 and 512.

158.   Plaintiff reincorporates paragraphs 89-95 as if fully set forth herein.

<u>Count V – Failure to Timely Pay Wages Upon Termination</u>

159.   As a result of not paying Plaintiff or the aggrieved employees any wages, Defendants also violated Cal. Lab. Code §§ 201, 202, and 203 by failing to pay employees all wages due upon termination.

---

[5] *See* <u>Noe v. Superior Court</u>, 237 Cal. App. 4th 316, 329 (2015) ["By choosing to use words with a broader connotation— prohibiting employers from 'engaging in' the act of willful misclassification—we presume the Legislature intended to penalize a broader class of employers that includes those who, through their acts or omissions, have knowingly participated or involved themselves in the willful misclassification decision."]

160.   Plaintiff reincorporates paragraphs 96-101 as if fully set forth herein.

<u>Count VI – Provide Accurate Itemized Wage Statements</u>

161.   Defendants failed to provide any wage statements to Plaintiff and the aggrieved employees in violation of Cal. Lab. Code §§ 226, 226.2, and 226.3.

162.   Plaintiff reincorporates paragraphs 102-113 as if fully set forth herein.

<u>Count VII – Hiring Documentation Claim</u>

163.   Cal. Lab. Code § 2810.5 requires employers to furnish a written notice with particular information upon hiring, such as regular paydays, rate of pay, and any allowances claimed.

164.   Plaintiff reincorporates paragraphs 114-118 as if fully set forth herein.

165.   Defendants failed to provide the required information upon hiring, thus violating the rights of the Plaintiff and the putative class members from the inception of their employment relationship.

<u>Count VIII – Conversion of Gratuities</u>

166.   Defendants had a policy and practice of requiring aggrieved employees to share their tips with managers, security guards, and other employees of Defendants in violation of Cal. Lab. Code § 351.

167.   Plaintiff reincorporates paragraphs 119-125 as if fully set forth herein.

<u>Count IX – Failure to Reimburse Necessary Business Expenses</u>

168.   Defendants had a policy and practice of requiring aggrieved employees to pay stage fees and other fees.

169.   The stage fees and other fees charged by Defendants were a necessary business expense, as without a stage to perform, the aggrieved employees would be unable to do their job duties.

170.   Plaintiff reincorporates paragraphs 126-132 as if fully set forth herein.

/ / /

## Count X– Failure to Provide Paid Sick Days

171.   Since July 1, 2015, the California Labor Code section 246 requires employers to provide employees who have been working for thirty (30) days or more with paid sick days.

172.   At minimum, a California employee should be earning one hour of sick time for every thirty (30) hours worked.

173.   Defendants have a pattern and practice of not providing Plaintiff and the aggrieved employees with any sick days.

174.   As a result of the violations alleged herein, Plaintiff, aggrieved employees on behalf of themselves and other current and former hourly non-exempt employees of Defendants, seek all civil penalties available pursuant to Labor Code § 2699.  Therefore, pursuant to Labor Code 2699, Plaintiff, as an aggrieved employee, and on behalf of all other aggrieved employees, is entitled to collect all civil penalties, attorney fees, interest, costs and expenses related this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For compensatory damage in the amount of Plaintiff's and each putative class members' unpaid wages, including premium wages, and unpaid overtime, from at least four years prior to the filing of this action to the present as may be proven;

B. For liquidated damages pursuant to California Labor Code § 1194.2(a) in an amount equal to the minimum wage compensation unlawfully withheld from four years prior to filing this action to the present, as may be proven;

C. For statutory and civil penalties pursuant to every California Labor Code section relied upon in this Complaint;

D. Injunctive relief pursuant to California Labor Code 226(h);

E.  An award of prejudgment and post judgment interest;

F.  For restitution for unfair competition pursuant to the UCL, including disgorgement of profits, in any amount as may be proven;

G.  An award providing for payment of costs of the suit;

H.  For an order awarding Plaintiff and the putative class compensatory damages including lost wages, premium pay, earnings and other employee benefits and all other sums of money owed to Plaintiff and the putative class together with interest on these amounts, according to proof;

I.  An award of attorney fees;

J.  For an order appointing Plaintiff class representative and Plaintiff's counsel class counsel for all classes and subclasses included in this Complaint; and

K.  For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: December 12, 2019

**EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: _____
Jacob Karczewski, Esq.
Saima Ali, Esq.
Attorneys for Plaintiff
YASMEEN A. AZIZIAN

-36-

COMPLAINT